UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-422-H

RUBY D. HYDE                                                                                        PLAINTIFF

V.

HILLERICH & BRADSBY CO., et al.                                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff's spouse, Louis Hyde, was employed at Defendant, Hillerich & Bradsby, and accrued certain pension benefits. Plaintiff claims to be a beneficiary under the pension and brings this action against Defendant-corporation and its agents alleging violations of the Employee Retirement Income Security Act ("ERISA") as well as tortious interference with a contractual relationship, conspiracy to interfere with a contractual relationship, outrageous conduct, and punitive damages. Defendant has moved to dismiss Plaintiff's state claims pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing preemption under ERISA. In response, Plaintiff moved to remand to Jefferson Circuit Court. After reviewing the parties' memoranda, and for the reasons that follow, the Court will sustain Defendant's motion to dismiss Plaintiff's state claims and deny Plaintiff's motion for remand.

I.

Where a motion to remand is based on a lack of subject matter jurisdiction, the Court addresses it first, as review of another motion absent jurisdiction in the case would be improper. Here, Plaintiff moves to remand pursuant to 28 U.S.C. § 1441(c) and, in the alternative, 28 U.S.C. § 1367(c)(2) and (c)(4). These provisions allow remand at the Court's discretion. Thus,

Plaintiff's motion must not necessarily be considered first.  In addition, because Defendant's motion to dismiss is dispositive, and Plaintiff's is not, the Court will begin its analysis with Defendant's 12(b)(6) motion.

A.

A motion to dismiss for failure to state a claim should be sustained where a plaintiff asserts state law claims that are preempted by ERISA.  The goal of ERISA is "to standardize the administration of employee benefit plans, including the duties and liabilities of fiduciaries." *Smith v. Provident Bank*, 170 F.3d 609, 612 (6th Cir. 1999).  Thus, "it is not a valid argument against preemption to say that the state seeks to impose greater obligations than Congress did." *Id.*

ERISA's complete preemption exception is limited "to state common law or statutory claims that fall within the ERISA civil enforcement provision of 29 U.S.C. § 1132(a)(1)(B)." *Crutcher v. Gen. Elec. Co.*, No. 3:10CV-00734, 2011 WL 1527760, at *4 (W.D. Ky. 2011).  For example, the "Supreme Court has ruled that a state law claim asserting bad faith processing of a claim of benefits under an ERISA-regulated plan is preempted" simply "because it 'relates to' an employment benefit plan." *Crider v. Life Ins. Co.*, No. 3:07-CV-331-H, 2008 WL 2782871, at *4 (W.D. Ky. 2008) (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987)).  As the Sixth Circuit has stated, "it is not the label placed on a state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Id.* (*citing Cromwell v. Equicor-Equitable HCA Corp.,* 944 F.2d 1272, 1276 (6th Cir. 1991)).  If, and insofar as, any state law relates to an employee benefit plan, it is superseded by ERISA. *Trust v. Advest Bank & Trust Co.*, No. 3:08-CV-201-H, 2008 WL 5120748, at *2 (W.D. Ky.

2008).

Although the Sixth Circuit has not articulated a test for determining whether a state law claim falls within § 1132(a)(1)(B) and is thus preempted, this Court, along with other district courts within the Sixth Circuit, has adopted the Seventh Circuit test. *Id*. That test uses three factors to determine whether a state claim is completely preempted by ERISA: "(1) whether the plaintiff has standing to bring a claim under § 1132(a); (2) whether the plaintiff's cause of action falls within the scope of an ERISA provision that the plaintiff can enforce via § 1132(a); and (3) whether the court must interpret the ERISA plan to resolve the state court claim." *Id*. (citing *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1487 (7th Cir. 1996)).

B.

As to the first prong of our analysis, § 1132(a) of ERISA allows both plan participants and beneficiaries to enforce their rights. Because Plaintiff is a beneficiary to Mr. Hyde's retirement plan, she has standing pursuant to § 1132.

The second and more difficult question to answer is whether Plaintiff's action falls within the scope of an ERISA provision that she can enforce through § 1132(a). Defendant argues that Plaintiff's action amounts to no more than a claim of benefits pursuant to Mr. Hyde's employee benefit agreement. Plaintiff, on the other hand, argues that her claims and relief sought are distinct from ERISA, evidenced by the ability to resolve them absent reference to the pension plan or ERISA.

The Court finds that Plaintiff does not meet the second prong of our analysis because her cause of action falls within the scope of an ERISA provision that can be enforced via § 1132(a). Namely, Plaintiff may bring an action against Defendants for breach of their fiduciary duties and

improper disbursement of Mr. Hyde's funds.  Plaintiff's claims focus entirely on the alleged improper change to and payment of Mr. Hyde's retirement plan which is solely governed by ERISA.  Masking these claims under common law names will not escape ERISA's exclusive jurisdiction in determining the allocation and handling of pension benefits.

Third and finally, determination of Plaintiff's state claims will require inquiry into Mr. Hyde's retirement plan.  Although Plaintiff correctly asserts that the Court will not need to interpret the plan, a look into its original as well as modified provisions will be required to decide if punitive damages are appropriate, if the elements of outrage are met, and whether the changes made to the plan (in addition to other acts by Defendants) could amount to tortious interference with a contractual relationship or conspiracy thereof.  Thus, Plaintiff cannot meet the three requirements to avoid preemption of her state claims.

C.

In additional support of our decision, the Court notes that the Sixth Circuit, as well as other district courts within the Circuit, has found that the claims asserted here are in fact preempted by ERISA.  For example, the Sixth Circuit has held that an outrage claim based on the improper denial of benefits in preempted.  *Adams v. Apogee Coal Co.*, 99 F. App'x 566, 568 (6th Cir. 2004).  The same can be said for a claim of tortious interference with a contractual relationship.  *See Allinder v. Inter-City Prods. Corp.*, 152 F.3d 544, 548 (6th Cir. 1998).  Other district courts within the Sixth Circuit have held that conspiracy claims and requests for punitive damages are preempted by ERISA.  *See Youngblood v. Prudential Ins. Co.*, 706 F. Supp. 2d 831, 825 (M.D. Tenn. 2010); *Munsey v. Tactical Armor Prods., Inc.*, No. 3:07-CV-445, 2008 WL 4442551, at *7 (E.D. Tenn. 2008).  For these additional reasons, the Court holds that Plaintiff's

4

state claims for tortious interference with a contractual relationship, conspiracy to interfere with a contractual relationship, outrage, and punitive damages are all preempted by ERISA.

## II.

Plaintiff moves to remand pursuant to 28 U.S.C. § 1441(c) and, in the alternative, 28 U.S.C. § 1367(c)(2) and 28 U.S.C. § 1367(c)(4).  Section 1441(c) directs a district court to remand cases when state law claims are separate and independent and substantially predominate over federal claims.  On the other hand, Sections 28 U.S.C. § 1367(c)(2) and (c)(4) allow district courts to exercise discretion in choosing to remand state claims.

Because the Court has ruled that Plaintiff's state claims are preempted and predominated by ERISA claims, they are no longer at issue and Plaintiff's motion to remand is denied.  While Plaintiff may not find relief under state claims that are preempted by ERISA, she may wish to amend her complaint to include additional ERISA claims encompassing the acts underlying her state law allegations.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's state claims is SUSTAINED and those claims are DISMISSED as preempted.

IT IS FURTHER ORDERED that Plaintiff's motion to remand is DENIED.

cc:     Counsel of Record